IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-72,633-02




EX PARTE JASON DEWAYNE LIVELY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 29315-B IN THE 3rd DISTRICT COURT
FROM ANDERSON COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
intoxication manslaughter and two counts of intoxication assault. He was sentenced to twenty years’
imprisonment on each of the intoxication manslaughter counts and ten years’ imprisonment on each
of the intoxication assault counts. 
            Applicant contends that his counsel rendered ineffective assistance because counsel failed
to timely file a notice of appeal. After remand to the trial court, this Court received findings of fact
and conclusions of law recommending that Applicant be granted an out-of-time appeal. However,
we do not believe the trial court’s findings of fact sufficiently resolve the issue before us.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order counsel to respond to Applicant’s claim of ineffective assistance of counsel on appeal. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            It appears from the record that Applicant is represented by counsel. If he is no longer
represented by counsel, and the trial court elects to hold a hearing, it shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            After obtaining an affidavit from counsel addressing Applicant’s claims, the trial court shall
make findings of fact as to whether Applicant was denied his right to a meaningful appeal because
Applicant’s counsel failed to timely file a notice of appeal. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: March 31, 2010
Do not publish